State Court of Fulton County
**E-FILED**
20EV005990
8/2/2021 11:57 AM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: 20EV005990

**VANESSA ROUMILHAC**

c/o Atty Lindsey S. Macon, 1201 Peachtree Street NE, Suite 200

Atlanta, GA 30361

Plaintiff's Name, Address, City, State, Zip Code

vs.

Freeman Electrical, LLC d/b/a Freeman Electrical Inc. via r/a/s on
Corporation Service Company, 112 North Curry Street, Carson City,
NV 89703.

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [x] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | *********** |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Lindsey S. Macon, McArthur Law Firm    Ga. Bar No. 811661

Address: 1201 Peachtree Street, N.E., Suite 2000

City, State, Zip Code: Atlanta, GA 30361    Phone No.: 404-565-1621

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.    _____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
20EV005990
10/13/2020 5:42 PM
LeNora Ponzo, Clerk
Civil Division

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of ___FULTON___ County

| For Clerk Use Only | |
|---|---|
| Date Filed 10-13-2020 | Case Number _____ |
| MM-DD-YYYY | |

| Plaintiff(s) | Defendant(s) |
|---|---|
| ROUMILHAC    VANESSA | CARIS SCIENCE, INC. d/b/a CARIS LIFE SCIENCES |
| Last    First    Middle I.    Suffix    Prefix | Last    First    Middle I.    Suffix    Prefix |
| Last    First    Middle I.    Suffix    Prefix | Last    First    Middle I.    Suffix    Prefix |
| Last    First    Middle I.    Suffix    Prefix | Last    First    Middle I.    Suffix    Prefix |
| Last    First    Middle I.    Suffix    Prefix | Last    First    Middle I.    Suffix    Prefix |

Plaintiff's Attorney ___Lindsey S. Macon___     Bar Number ___811661___     Self-Represented ☐

**Check One Case Type in One Box**

**General Civil Cases**

☐ Automobile Tort
☐ Civil Appeal
☐ Contract
☐ Garnishment
☒ General Tort
☐ Habeas Corpus
☐ Injunction/Mandamus/Other Writ
☐ Landlord/Tenant
☐ Medical Malpractice Tort
☐ Product Liability Tort
☐ Real Property
☐ Restraining Petition
☐ Other General Civil

**Domestic Relations Cases**

☐ Adoption
☐ Dissolution/Divorce/Separate Maintenance
☐ Family Violence Petition
☐ Paternity/Legitimation
☐ Support – IV-D
☐ Support – Private (non-IV-D)
☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

☐ Contempt
  ☐ Non-payment of child support, medical support, or alimony
☐ Modification
☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
Case Number                   Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

## General Civil and Domestic Relations Case Filing Instructions

1. Provide the class of court and county in which the case is being filed.
2. Provide the plaintiff's and defendant's names.
3. Provide the plaintiff's attorney's name and Bar number. If you are representing yourself, provide your own name and check the self-represented box.
4. Provide the type of case by checking only *one* appropriate box. Cases can be either general civil or domestic relations and only *one type* of case within those categories. Check the case type that most accurately describes the primary case. If you are making more than one type of claim, check the case type that involves the largest amount of damages or the one you consider most important. See below for definitions of each case type.
5. Provide the type of post-judgment action, if applicable, by checking the appropriate box. Post-judgment cases are those that seek to enforce or modify an existing judgment. If the case is a post-judgment matter, an initial case type in the general civil and domestic relations boxes must be checked.
6. Provide an answer to the four questions by checking the appropriate boxes and/or filling in the appropriate lines.

## Case Type Definitions

### General Civil Cases

**Automobile Tort**: Any tort case involving personal injury, property damage, or wrongful death resulting from alleged negligent operation of a motor vehicle.

**Civil Appeal**: Any case disputing the finding of a limited jurisdiction trial court, department, or administrative agency.

**Contract**: Any case involving a dispute over an agreement between two or more parties.

**Garnishment**: Any case where, after a monetary judgment, a third party who has money or other property belonging to the defendant is required to turn over such money or property to the court.

**General Tort**: Any tort case that is not defined or is not attributable to one of the other torts.

**Habeas Corpus**: Any case designed to test the legality of the detention or imprisonment of an individual, not the question of guilt or innocence.

**Injunction/Mandamus/Other Writ**: Cases involving a written court order directed to a specific person, requiring that person to perform or refrain from performing a specific act.

**Landlord/Tenant**: Any case involving landlord/tenant disputes wherein the landlord removes a tenant and his/her property from the premises or places a lien on tenant property to repay debt.

**Medical Malpractice Tort**: Any tort case that alleges misconduct or negligence by a person in the medical profession acting in a professional capacity, such as doctors, nurses, physician's assistants, dentists, etc.

**Product Liability Tort**: Any tort case that alleges injury is caused to a person by the manufacturer or seller of an article due to a defect in, or the condition of, the article sold or an alleged breach of duty to provide suitable instructions to prevent injury.

**Real Property**: Any case involving disputes over the ownership, use, boundaries, or value of fixed land.

**Restraining Petition**: Any petition for a restraining order that does not result from a domestic altercation or is not between parties considered to be in a domestic relationship.

**Other General Civil**: Any case in which a plaintiff requests the enforcement or protection of a right or the redress or prevention of a wrong, but does not fit into one of the other defined case categories.

### Domestic Relations Cases

**Adoption**: Cases involving a request for the establishment of a new, permanent relationship of parent and child between persons not so biologically related.

**Dissolution/Divorce/Separate Maintenance**: Any case involving the dissolution of a marriage or the establishment of alimony or separate maintenance.

**Family Violence Petition**: Any case in which a protective order from a family member or domestic partner is requested.

**Paternity/Legitimation**: Cases involving the establishment of the identity and/or responsibilities of the father of a minor child or the determination of biological offspring.

**Support – IV-D**: Cases filed by the Georgia Department of Human Services to request maintenance of a minor child by a person who is required, under Title IV-D of the Social Security Act of 1973, to provide such maintenance.

**Support – Private (non-IV-D)**: Cases filed to request maintenance of a parent/guardian or a minor child by a person who is required by law, but who is not under the auspices of Title IV-D of the Social Security Act of 1973, to provide such maintenance.

**Other Domestic Relations**: Domestic relations cases, including name changes, that do not adequately fit into any of the other case types.

### Post-Judgment

**Contempt**: Any case alleging failure to comply with a previously existing court order.

**Modification**: Any case seeking to change the terms of a previously existing court order.

**Other/Administrative**: Any case with post-judgment activity that does not fit into contempt or modification categories.

**Please note:** This form is for statistical purposes only. It shall have no legal effect in the case. The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or court rules. Information on this form cannot be entered into evidence.

Version 1.1.18

State Court of Fulton County
**E-FILED**
20EV005990
8/2/2021 11:57 AM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| VANESSA ROUMILHAC, | |
|     Plaintiff, | |
| v. | Civil Action No. 20EV005990 |
| CARIS SCIENCE, INC. d/b/a CARIS LIFE SCIENCES, HAMILTON EXHIBITS, LLC, SHO-LINK, INC., FREEMAN EXPOSITIONS, LLC D/B/A FREEMAN EXPOSITIONS, INC., FREEMAN EXPOSITIONS, LTD., FREEMAN AUDIO VISUAL, LLC D/B/A FREEMAN AUDIO VISUAL, INC. AND FREEMAN AUDIO VISUAL SOLUTIONS, INC., EXHIBIT SURVEYS, LLC D/B/A EXHIBIT SURVEYS, INC., DEFENDANT STAGE RIGGING, INC., THE FREEMAN COMPANY, LLC, FREEMAN ELECTRICAL, LLC D/B/A FREEMAN ELECTRICAL INC., FREEMAN DIGITAL VENTURES, LLC D/B/A FREEMAN DIGITAL VENTURES, INC., and JOHN DOE, | **JURY TRIAL DEMANDED** |
|     Defendants. | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Vanessa Roumilhac, and files this, her Second Amended

Complaint for Damages against Defendants Caris Science, Inc. d/b/a Caris Life Sciences,

Hamilton Exhibits, LLC, Sho-Link, Inc., Freeman Expositions, LLC d/b/a Freeman Expositions,

Inc., Freeman Expositions, Ltd., Freeman Audio Visual, LLC d/b/a Freeman Audio Visual, Inc.

and Freeman Audio Visual Solutions, Inc., Exhibit Surveys, LLC d/b/a Exhibit Surveys, Inc.,

Defendant Stage Rigging, Inc., The Freeman Company, LLC, Freeman Electrical, LLC d/b/a

Freeman Electrical Inc., Freeman Digital Ventures, LLC d/b/a Freeman Digital Ventures, Inc., and John Doe, showing this Honorable Court the following:

1.

Defendant Caris Life Sciences is a foreign for-profit corporation organized under the laws of the State of Texas, with its principal place of business in the State of Texas. Caris Life Sciences is not authorized to transact business in the State of Georgia. At all times relevant hereto, Caris Life Sciences was a participant and purveyor at the annual meeting of the American Association for Cancer Research at the Georgia World Congress Center in Atlanta, Fulton County, Georgia. Caris Life Sciences is responsible for the commission of a tortious act in Atlanta, Fulton County, Georgia, described more fully below. Caris Life Sciences may be served through service on its registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

2.

Defendant Hamilton Exhibits, LLC, is a foreign for-profit corporation organized under the laws of the State of Indiana, with its principal place of business in the State of Indiana. Hamilton Exhibits, LLC is not authorized to transact business in the State of Georgia. At all times relevant hereto, Defendant Caris Life Sciences contracted with Defendant Hamilton Exhibits, LLC for the maintenance and inspection of Caris Life Sciences' booth at the annual meeting of the American Association for Cancer Research at the Georgia World Congress Center in Atlanta, Fulton County, Georgia. Hamilton Exhibits, LLC is responsible for the commission of a tortious act in Atlanta, Fulton County, Georgia, described more fully below. Hamilton Exhibits, LLC may be served through service on its registered agent, Daniel Cantor, 9150 East 33rd Street, Indianapolis, IN 46235.

3.

Defendant Sho-Link, Inc. is a foreign for-profit corporation organized under the laws of the State of Illinois, with its principal place of business in the State of Illinois, authorized to conduct business in the State of Georgia. At all times relevant hereto, Sho-Link was responsible for the construction and disassembling of Caris Life Sciences' booth at the annual meeting of the American Association for Cancer Research at the Georgia World Congress Center in Atlanta, Fulton County, Georgia. Sho-Link is responsible for the commission of a tortious act in Atlanta, Fulton County, Georgia, described more fully below. Sho-Link may be served through service on its registered agent, C T Corporation System, 289 S Culver Street, Lawrenceville, GA, 30046.

4.

Defendant Freeman Expositions, LLC d/b/a Freeman Expositions, Inc. is a foreign for-profit corporation organized under the laws of the State of Texas, with its principal place of business in the State of Texas, authorized to conduct business in the State of Georgia. At all times relevant hereto, Freeman Expositions, LLC d/b/a Freeman Expositions, Inc. contracted with exhibitors at the annual meeting of the American Association for Cancer Research at the Georgia World Congress Center in Atlanta, Fulton County, Georgia, to provide labor on behalf of exhibitors. Freeman Expositions, LLC d/b/a Freeman Expositions, Inc. is responsible for the commission of a tortious act in Atlanta, Fulton County, Georgia, described more fully below. Freeman Expositions, LLC d/b/a Freeman Expositions, Inc. may be served through service on its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

5.

Defendant Freeman Expositions, Ltd. is a foreign for-profit corporation organized under the laws of the Government of Canada, with its principal place of business in Toronto, Ontario, not authorized to conduct business in the State of Georgia. At all times relevant hereto, Freeman Expositions, Ltd. contracted with exhibitors at the annual meeting of the American Association for Cancer Research at the Georgia World Congress Center in Atlanta, Fulton County, Georgia, to provide labor on behalf of exhibitors. Freeman Expositions, Ltd. is responsible for the commission of a tortious act in Atlanta, Fulton County, Georgia, described more fully below. Freeman Expositions, Ltd. may be served pursuant to Article 3 of the Hague Convention, through service on the Ministry of the Attorney General, Central Authority for Ontario, P.O. Box 600, Steeles West Post Office, Toronto ON M3J 0K8, Canada.

6.

Defendant Freeman Audio Visual, LLC d/b/a Freeman Audio Visual, Inc. and Freeman Audio Visual Solutions, Inc. is a foreign for-profit corporation organized under the laws of the State of Texas, with its principal place of business in the State of Texas, authorized to conduct business in the State of Georgia. At all times relevant hereto, Freeman Audio Visual, LLC d/b/a Freeman Audio Visual, Inc. and Freeman Audio Visual Solutions, Inc. contracted with exhibitors at the annual meeting of the American Association for Cancer Research at the Georgia World Congress Center in Atlanta, Fulton County, Georgia, to provide labor on behalf of exhibitors. Freeman Audio Visual, LLC d/b/a Freeman Audio Visual, Inc. and Freeman Audio Visual Solutions, Inc. is responsible for the commission of a tortious act in Atlanta, Fulton County, Georgia, described more fully below. Freeman Audio Visual, LLC d/b/a Freeman Audio Visual,

Inc. and Freeman Audio Visual Solutions, Inc. may be served through service on its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

7.

Defendant Exhibit Surveys, LLC d/b/a Exhibit Surveys, Inc. is a foreign for-profit corporation organized under the laws of the State of Texas, with its principal place of business in the State of Texas, authorized to conduct business in the State of Georgia. At all times relevant hereto, Exhibit Surveys, LLC d/b/a Exhibit Surveys, Inc. contracted with exhibitors at the annual meeting of the American Association for Cancer Research at the Georgia World Congress Center in Atlanta, Fulton County, Georgia, to provide labor on behalf of exhibitors. Exhibit Surveys, LLC d/b/a Exhibit Surveys, Inc. is responsible for the commission of a tortious act in Atlanta, Fulton County, Georgia, described more fully below. Exhibit Surveys, LLC d/b/a Exhibit Surveys, Inc. may be served through service on its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

8.

Defendant Stage Rigging, Inc., is a foreign for-profit corporation organized under the laws of the State of Nevada, with its principal place of business in the State of Texas. Stage Rigging, Inc. is not authorized to transact business in the State of Georgia. At all times relevant hereto, Defendant Stage Rigging, Inc. contracted with exhibitors at the annual meeting of the American Association for Cancer Research at the Georgia World Congress Center in Atlanta, Fulton County, Georgia, to provide labor on behalf of exhibitors. Stage Rigging, Inc. is responsible for the commission of a tortious act in Atlanta, Fulton County, Georgia, described more fully below. Stage Rigging, Inc. may be served through service on the Corporations Division of the Secretary of State's Office, 2 Martin Luther King Jr. Dr., Suite 313 West Tower, Atlanta, GA 30334-1530,

pursuant to O.C.G.A. § 14-2-1520(c), and by mailing a copy of the process to President Joseph V. Popolo, Jr., 1600 Viceroy Drive, Suite 100, Dallas, TX 75235.

9.

Defendant The Freeman Company, LLC is a foreign for-profit corporation organized under the laws of the State of Nevada, with its principal place of business in the State of Texas. The Freeman Company, LLC is not authorized to transact business in the State of Georgia. At all times relevant hereto, Defendant The Freeman Company, LLC contracted with exhibitors at the annual meeting of the American Association for Cancer Research at the Georgia World Congress Center in Atlanta, Fulton County, Georgia, to provide labor on behalf of exhibitors. The Freeman Company, LLC is responsible for the commission of a tortious act in Atlanta, Fulton County, Georgia, described more fully below. The Freeman Company, LLC may be served through service on its registered agent, Corporation Service Company, 112 North Curry Street, Carson City, NV 89703.

10.

Defendant Freeman Electrical, LLC d/b/a Freeman Electrical Inc. is a foreign for-profit corporation organized under the laws of the State of Nevada, with its principal place of business in the State of Texas. Freeman Electrical, LLC d/b/a Freeman Electrical Inc. is not authorized to transact business in the State of Georgia. At all times relevant hereto, Defendant Freeman Electrical, LLC d/b/a Freeman Electrical Inc. contracted with exhibitors at the annual meeting of the American Association for Cancer Research at the Georgia World Congress Center in Atlanta, Fulton County, Georgia, to provide labor on behalf of exhibitors. Freeman Electrical, LLC d/b/a Freeman Electrical Inc. is responsible for the commission of a tortious act in Atlanta, Fulton County, Georgia, described more fully below. Freeman Electrical, LLC d/b/a Freeman Electrical

Inc. may be served through service on its registered agent, Corporation Service Company, 112 North Curry Street, Carson City, NV 89703.

11.

Defendant Freeman Digital Ventures, LLC d/b/a Freeman Digital Ventures, Inc. is a foreign for-profit corporation organized under the laws of the State of Nevada, with its principal place of business in the State of Texas. Freeman Digital Ventures, LLC d/b/a Freeman Digital Ventures, Inc. is not authorized to transact business in the State of Georgia. At all times relevant hereto, Defendant Freeman Digital Ventures, LLC d/b/a Freeman Digital Ventures, Inc. contracted with exhibitors at the annual meeting of the American Association for Cancer Research at the Georgia World Congress Center in Atlanta, Fulton County, Georgia, to provide labor on behalf of exhibitors. Freeman Digital Ventures, LLC d/b/a Freeman Digital Ventures, Inc. is responsible for the commission of a tortious act in Atlanta, Fulton County, Georgia, described more fully below. Freeman Digital Ventures, LLC d/b/a Freeman Digital Ventures, Inc. may be served through service on its registered agent, Corporation Service Company, 112 North Curry Street, Carson City, NV 89703.

12.

Hereinafter, Defendants Freeman Expositions, LLC d/b/a Freeman Expositions, Inc.; Freeman Expositions, Ltd.; Freeman Audio Visual, LLC d/b/a Freeman Audio Visual, Inc. and Freeman Audio Visual Solutions, Inc.; Exhibit Surveys, LLC d/b/a Exhibit Surveys, Inc.; Stage Rigging Inc.; The Freeman Company, LLC; Freeman Electrical LLC d/b/a Freeman Electrical Inc.; and Freeman Digital Ventures, LLC d/b/a Freeman Digital Ventures, Inc. shall be referred to collectively as Defendants Freeman.

Page 7 of 14

13.

Defendant John Doe is an unidentified individual who, at all times relevant to this action, was acting within the scope and course of his employment with one or more of the Defendants Freeman. Defendant John Doe is responsible for the commission of a tortious act in Atlanta, Fulton County, Georgia, described more fully below.  John Doe is subject to the jurisdiction and venue of this Court.  Service will be made upon said person as his identity is made known through discovery.

14.

Plaintiff Vanessa Roumilhac is a resident of the French Republic who, at the time of the events giving rise to this Complaint, was participating, through her employer Innopsys, in the annual meeting of the American Association for Cancer Research at the Georgia World Congress Center in Atlanta, Fulton County, Georgia.

15.

Jurisdiction and venue in this Court are proper as to all claims and to all parties.

## GENERAL ALLEGATIONS

16.

April 3, 2019 was the final day of the 6-day 2019 Annual Meeting of the American Association for Cancer Research.

17.

Vanessa Roumilhac, a 26-year-old French national, was attending the meeting on behalf of her employer, Innopsys, an exhibitor at the meeting.

18.

On the afternoon of April 3, 2019, Ms. Roumilhac was walking down an aisle of exhibitors when, while passing booth 4437, belonging to Caris Life Sciences, a metal structure from the infrastructure of booth 4437 collapsed onto and crushed Ms. Roumilhac's right lower leg.

19.

Upon information and belief, the collapse of the metal structure was due, at least in part, to the negligence of John Doe, an individual operating a forklift in the vicinity of the Caris Life Sciences booth who was employed by one or more of Defendants Freeman.

20.

Caris Life Sciences contracted with Hamilton Exhibits, LLC for the maintenance and inspection of booth 4437. Hamilton Exhibits, LLC then contracted with Sho-Link, Inc. to set up, inspect, and dismantle booth 4437.

21.

Defendants Freeman contracted with the American Association for Cancer Research, the Georgia World Congress Center, and/or the show's exhibitors to provide show services, including material handling through the use of mechanical equipment, including forklifts, using its agents or employees.

22.

As a direct and proximate result of this incident, Plaintiff Vanessa Roumilhac sustained bodily injuries and physical and emotional pain, suffering, anxiety, inconvenience and worry as a result of the injuries to her person, which are both continuing and permanent in nature. Plaintiff Vanessa Roumilhac also suffered special damages in the form of medical expenses, wage loss, travel expenses, and other damages.

## COUNT I – NEGLIGENCE BY CARIS LIFE SCIENCES

23.

Plaintiff incorporates each of the preceding paragraphs as if specifically set forth herein.

24.

Defendant Caris Life Sciences had a duty to exercise ordinary care in keeping the infrastructure and contents of its booth intact and structurally sound to ensure the safety of and avoid injury to others, including Plaintiff Vanessa Roumilhac.

25.

Defendant breached this duty and was negligent because:

(a) The infrastructure of booth 4437, including the metal rod that collapsed on Plaintiff, would not have collapsed in the absence of the exercise of ordinary care in keeping the infrastructure and contents of the booth intact and structurally sound;

(b) Booth 4437, its infrastructure, and contents were within Caris Life Sciences' exclusive control; and

(c) Plaintiff in no way contributed, caused, or voluntarily subjected herself to the collapse of booth 4437's infrastructure.

26.

Defendant Caris Life Sciences is liable to Plaintiff for all damages caused by its negligence in maintaining booth 4437's infrastructure and contents such that it collapsed onto Plaintiff, and the resulting damages to Plaintiff.

## COUNT II – NEGLIGENCE BY HAMILTON EXHIBITS, LLC

27.

Plaintiff incorporates each of the preceding paragraphs as if specifically set forth herein.

28.

Defendant Hamilton Exhibits, LLC had a duty to exercise ordinary care in maintaining and inspecting booth 4437 in order to ensure that the booth was intact and structurally sound to ensure the safety of and avoid injury to others, including Plaintiff Vanessa Roumilhac.

29.

Hamilton Exhibits, LLC breached this duty and was negligent because:

(a) The infrastructure of booth 4437, including the metal rod that collapsed on Plaintiff, would not have collapsed in the absence of the exercise of ordinary care in maintaining and inspecting booth 4437 to ensure that the booth was intact and structurally sound;

(b) Booth 4437, its infrastructure, and contents were within Hamilton Exhibits, LLC's exclusive control; and

(c) Plaintiff in no way contributed, caused, or voluntarily subjected herself to the collapse of booth 4437's infrastructure.

30.

Defendant Hamilton Exhibits, LLC is liable to Plaintiff for all damages caused by its negligence in maintaining and inspecting booth 4437's infrastructure and contents such that it collapsed onto Plaintiff, and the resulting damages to Plaintiff.

Page **11** of **14**

## COUNT III – NEGLIGENCE BY SHO-LINK, INC.

31.

Plaintiff incorporates each of the preceding paragraphs as if specifically set forth herein.

32.

Defendant Sho-Link, Inc. had a duty to exercise ordinary care in keeping the infrastructure and contents of booth 4437 intact and structurally sound to ensure the safety of and avoid injury to others, including Plaintiff Vanessa Roumilhac.

33.

Sho-Link, Inc. breached this duty and was negligent because:

(a) The infrastructure of booth 4437, including the metal rod that collapsed on Plaintiff, would not have collapsed in the absence of the exercise of ordinary care in keeping the infrastructure and contents of the booth intact and structurally sound;

(b) Booth 4437, its infrastructure, and contents were within Sho-Link, Inc.'s exclusive control; and

(c) Plaintiff in no way contributed, caused, or voluntarily subjected herself to the collapse of booth 4437's infrastructure.

34.

Defendant Sho-Link, Inc. is liable to Plaintiff for all damages caused by its negligence in maintaining booth 4437's infrastructure and contents such that it collapsed onto Plaintiff, and the resulting damages to Plaintiff.

## COUNT IV – NEGLIGENCE BY JOHN DOE

35.

Plaintiff incorporates each of the preceding paragraphs as if specifically set forth herein.

36.

Defendant John Doe had a duty to exercise ordinary care in operating mechanical equipment in the exhibit facility to ensure the safety of and avoid injury to others, including Plaintiff Vanessa Roumilhac.

37.

John Doe breached this duty and was negligent in his operation of mechanical equipment, thereby causing or contributing to the collapse of a metal structure in Caris Life Science's booth, injuring Plaintiff Vanessa Roumilhac.

38.

Defendant John Doe is liable to Plaintiff for all damages caused by his negligence in operating mechanical equipment such that he caused or contributed to booth 4437's collapse onto Plaintiff, and the resulting damages to Plaintiff.

## COUNT V – RESPONDEAT SUPERIOR LIABILITY OF DEFENDANTS FREEMAN

39.

Plaintiff incorporates each of the preceding paragraphs as if specifically set forth herein.

40.

At the time of the incident giving rise to this Complaint, Defendant John Doe was an agent or employee of Defendants Freeman and was acting in within the course and scope of his employment.

Page **13** of **14**

41.

Under Georgia Law, Defendants Freeman are liable for the injuries and damages caused to Plaintiff by the negligence of Defendant John Doe.

WHEREFORE, Plaintiff respectfully prays for the following:

A. That process and summons be issued, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

B. That Plaintiff have a trial by a fair and impartial jury of twelve members;

C. That Plaintiff obtain a judgment against Defendants in a just and reasonable amount to compensate Plaintiff Vanessa Roumilhac for her injuries, damages and suffering, both past and future;

D. That the costs of bringing this action be taxed against the Defendants;

E. That Plaintiff has such other and further relief as this Court shall deem just and proper.

Respectfully submitted this 2nd day of August, 2021.

/s/ Lindsey S. Macon
KATHERINE L. McARTHUR
Georgia Bar No. 480730
LINDSEY S. MACON
Georgia Bar No. 811661

McARTHUR LAW FIRM
1201 Peachtree Street, N.E., Suite 2000
Atlanta, GA  30361
(404) 565-1621 – Telephone
(404) 249-6764 – Facsimile
lmacon@mcarthurlawfirm.com
*Attorneys for Plaintiff*

Page **14** of **14**

State Court of Fulton County
**E-FILED**
20EV005990
8/2/2021 11:57 AM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

VANESSA ROUMILHAC,

    Plaintiff,

v.

CARIS SCIENCE, INC. d/b/a CARIS LIFE
SCIENCES, HAMILTON EXHIBITS, LLC,
SHO-LINK, INC., FREEMAN
EXPOSITIONS, LLC D/B/A FREEMAN
EXPOSITIONS, INC., FREEMAN
EXPOSITIONS, LTD., FREEMAN AUDIO
VISUAL, LLC D/B/A FREEMAN AUDIO
VISUAL, INC. AND FREEMAN AUDIO
VISUAL SOLUTIONS, INC., EXHIBIT
SURVEYS, LLC D/B/A EXHIBIT
SURVEYS, INC., DEFENDANT STAGE
RIGGING, INC., THE FREEMAN
COMPANY, LLC, FREEMAN
ELECTRICAL, LLC D/B/A FREEMAN
ELECTRICAL INC., FREEMAN DIGITAL
VENTURES, LLC D/B/A FREEMAN
DIGITAL VENTURES, INC., and JOHN
DOE,

    Defendants.

Civil Action No. 20EV005990

---

## RULE 5.2 PLAINTIFF'S CERTIFICATE OF SERVICE OF DISCOVERY MATERIAL

    I hereby certify that I have this day sent along with the Complaint and Summons in this case for personal service copies of the following discovery documents:

1.     PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS FREEMAN;

2.     PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS FREEMAN; and

3.     PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS FREEMAN.

This 2nd day of August, 2021.

Page 1 of 2

_/s/ Lindsey S. Macon_____
KATHERINE L. McARTHUR
Georgia Bar No. 480730
LINDSEY S. MACON
Georgia Bar No. 811661

McARTHUR LAW FIRM
1201 Peachtree Street N.E., Suite 2000
Atlanta, Georgia 30361
lmacon@mcarthurlawfirm.com
*Attorneys for Plaintiffs*

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

VANESSA ROUMILHAC,

    Plaintiff,

    v.

CARIS SCIENCE, INC. d/b/a CARIS LIFE
SCIENCES, HAMILTON EXHIBITS, LLC,
SHO-LINK, INC., FREEMAN
EXPOSITIONS, LLC d/b/a FREEMAN
EXPOSITIONS, INC., FREEMAN
EXPOSITIONS, LTD., FREEMAN AUDIO
VISUAL, LLC d/b/a FREEMAN AUDIO
VISUAL, INC. and FREEMAN AUDIO
VISUAL SOLUTIONS, INC., EXHIBIT
SURVEYS, LLC d/b/a EXHIBIT
SURVEYS, INC., DEFENDANT STAGE
RIGGING, INC., THE FREEMAN
COMPANY, LLC, FREEMAN
ELECTRICAL, LLC d/b/a FREEMAN
ELECTRICAL INC., FREEMAN DIGITAL
VENTURES, LLC d/b/a FREEMAN
DIGITAL VENTURES, INC., and JOHN
DOE,

    Defendants.

CIVIL ACTION NO. 20EV005990

---

**PLAINTIFF'S FIRST INTERROGATORIES
TO FREEMAN DEFENDANTS**

---

Pursuant to OCGA § 9-11-33, Plaintiff requests that Defendants FREEMAN EXPOSITIONS, LLC d/b/a FREEMAN EXPOSITIONS, INC., FREEMAN EXPOSITIONS, LTD., FREEMAN AUDIO VISUAL, LLC d/b/a FREEMAN AUDIO VISUAL, INC. and FREEMAN AUDIO VISUAL SOLUTIONS, INC., EXHIBIT SURVEYS, LLC d/b/a EXHIBIT SURVEYS, INC., DEFENDANT STAGE RIGGING, INC., THE FREEMAN COMPANY, LLC, FREEMAN ELECTRICAL, LLC d/b/a FREEMAN ELECTRICAL INC., FREEMAN

DIGITAL VENTURES, LLC d/b/a FREEMAN DIGITAL VENTURES, INC. (hereinafter the "Freeman Defendants") answer these interrogatories, separately and individually, in writing, and under oath, as provided by law.

INSTRUCTIONS

1.

You must exercise due diligence to secure full information to answer these interrogatories. After exercising due diligence, if you still cannot answer in full, answer to the extent possible, specify your inability to answer the remainder, state whatever information or knowledge you have concerning the unanswered portion, and detail what you did in attempting to secure the unknown information.

2.

If any information requested by these interrogatories is withheld under a claim of attorney/client privilege or work-product immunity, you must furnish a list specifying the basis on which the privilege or immunity is claimed, the general subject matter of the information and the interrogatory to which the information is responsive.

3.

These interrogatories are deemed to be continuing in accordance with the Georgia Civil Practice Act requiring timely supplementation.

DEFINITIONS

1.

The word "identify" when used with respect to an individual, means that the answering party is required to state the name, age, employer, business and residence addresses and telephone numbers of the individual.

2.

The word "identify" when used with respect to a business, means that the answering party is required to state the full name, address, and telephone number of the business.

3.

The word "identify" when used with respect to a "document" means that the answering party is required to state with respect to each such document:

a)     the title or other means of identification;

b)     the date;

c)     the author, including his or her name, address, telephone number and employer;

d)     the recipient, including his or her name, address, telephone number, employer, and date of receipt;

e)     the names, addresses, and telephone numbers of any and all persons who have custody or control of the document; and

f)     the present location of the document.

4.

The word "document(s)" is intended to include the original and all non-identical copies of any record by which information has been recorded or from which information can be obtained, in the actual or constructive possession, custody, care, or control of defendant, its agents, attorneys, or any other person affiliated with defendant.  The form of such documents includes, but is not limited to, letters, telegrams, pictures, books, papers, memoranda, reports, minutes, contracts, notes, studies, print-outs, calendars, diaries, work papers, checks, logs, ledgers, payrolls, licenses, tax records, purchase orders, invoices, receipts, microfilm, microfiche, punch

cards, magnetic tapes, disks, press releases, news publications, video tapes, tape recordings, depositions, and answers to interrogatories.

5.

The word "person(s)" means all entities, including, but not limited to, all individuals, associations, companies, partnerships, joint ventures, corporations, and local, municipal, county, state, and federal government agencies.

INTERROGATORIES

1.      If you contest the validity of service of process upon you, the venue of this action, or the court's jurisdiction over you, state separately and with particularity every fact which supports your contention as to each of these matters which you contest and identify the court in which you contend venue would be proper and the residence or place of business at which you may be properly served with process.

2.      Have you been correctly designated as a party defendant in the above-styled case insofar as the legal description, full name, and correct spelling is concerned?  If not, state how you might be properly designated in this action.

3.      State the name and present address of each and every person you know or have reason to believe might have knowledge of discoverable matter relevant to the issues (whether claims or defenses) presented in the present cause.

4.      As to each expert you expect to testify:

        a)      State the subject matter on which any and all such experts are expected to testify;

        b)      Summarize each and every opinion to which each expert is expected to testify, as well as the grounds for or basis of each opinion;

c)      Identify and describe any documentary source of information examined or considered by each expert in the formation of the opinions to which the expert is expected to testify.

5.      If you have consulted with experts whom you do not expect to call as witnesses, state as to each his name, address and qualifications, and the subject matter of your consultation.

6.      Identify all persons assisting or supplying information to the person verifying the responses to these interrogatories.

7.      Identify the individual employee(s), agents, or contractors of Defendant who were present at the 2019 American Association for Cancer Research Annual Meeting at the Georgia World Congress Center March 29-April 3, 2019.

8.      Identify the individual employee(s), agents, or contractors of Defendant who were present at the 2019 AACR Annual Meeting on April 3, 2019.

9.      Identify the individual employee(s), agents, or contractors of Defendant who were responsible for and/or permitted to operate mechanical equipment, including but not limited to forklifts, at the 2019 AACR Annual Meeting.

10.      Identify the individual employee(s), agents, or contractors of Defendant involved in taking down, and/or transporting the materials and infrastructure associated with Caris Life Sciences' booth, or any other booth located on the same aisle or a neighboring aisle of the Caris Life Sciences booth at the 2019 AACR Annual Meeting.

11.      Identify the individual employee(s), agents, or contractors of Defendant who were present at the time of the subject incident which gave rise to the above-captioned action.

12.    Identify the individual employee(s), agents, or contractors of Defendant who were responsible for or involved in any way in investigating the subject incident which gave rise to the above-captioned action.

13.    Identify any and all rules, regulations, standard operating procedures or policies that were in effect at the time of the 2019 American Association for Cancer Research Annual Meeting and which governed the take down and transport of infrastructure and materials, including with the use of mechanical equipment, by employee(s), agents, or contractors of the Freeman Defendants.

14.    Identify any and all rules, regulations, standard operating procedures or policies governing any of the Freeman Defendants' reactions and/or responses to a hazardous condition or event.

15.    Identify and describe any communication or correspondence the Freeman Defendants have had with Plaintiff Vanessa Roumilhac or her employer, Innopsys.

16.    Identify each and every insurance company, including excess carriers and umbrella coverages, which might be liable to satisfy all or part of any judgment which may be entered in this action, and for each insurer give the following information:

    a.  name and address of company;

    b.  limits of liability coverage;

    c.  policy number; and

    d.  named insured.

17.    State the name and address of any potential party to this lawsuit not already a party.

This 2nd day of August, 2021.

/s/ Lindsey S. Macon
LINDSEY S. MACON
Ga. Bar No. 811661
KATHERINE L. MCARTHUR
Ga..Bar No. 480730

MCARTHUR LAW FIRM
1201 Peachtree Street, N.E., Suite 2000
Atlanta, GA  30361

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| VANESSA ROUMILHAC,, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 20EV005990 |
| CARIS SCIENCE, INC. d/b/a CARIS LIFE SCIENCES, HAMILTON EXHIBITS, LLC, SHO-LINK, INC., FREEMAN EXPOSITIONS, LLC D/B/A FREEMAN EXPOSITIONS, INC., FREEMAN EXPOSITIONS, LTD., FREEMAN AUDIO VISUAL, LLC D/B/A FREEMAN AUDIO VISUAL, INC. AND FREEMAN AUDIO VISUAL SOLUTIONS, INC., EXHIBIT SURVEYS, LLC D/B/A EXHIBIT SURVEYS, INC., DEFENDANT STAGE RIGGING, INC., THE FREEMAN COMPANY, LLC, FREEMAN ELECTRICAL, LLC D/B/A FREEMAN ELECTRICAL INC., FREEMAN DIGITAL VENTURES, LLC D/B/A FREEMAN DIGITAL VENTURES, INC., and JOHN DOE,, | |
| Defendants. | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO THE FREEMAN DEFENDANTS**

Pursuant to OCGA§ 9-11-34, Plaintiff makes the following Requests for Production of Documents to Defendants FREEMAN EXPOSITIONS, LLC d/b/a FREEMAN EXPOSITIONS, INC., FREEMAN EXPOSITIONS, LTD., FREEMAN AUDIO VISUAL, LLC d/b/a FREEMAN AUDIO VISUAL, INC. and FREEMAN AUDIO VISUAL SOLUTIONS, INC., EXHIBIT SURVEYS, LLC d/b/a EXHIBIT SURVEYS, INC., DEFENDANT STAGE RIGGING, INC., THE FREEMAN COMPANY, LLC, FREEMAN ELECTRICAL, LLC d/b/a FREEMAN

ELECTRICAL INC., FREEMAN DIGITAL VENTURES, LLC d/b/a FREEMAN DIGITAL VENTURES, INC. (hereinafter the "Freeman Defendants").

INSTRUCTIONS

All items of tangible evidence requested for production shall be produced for the plaintiff's inspection and copying no later than 45 days after service of this document. The production shall take place at the Atlanta office of Katherine L. McArthur, LLC, 1201 Peachtree Street N.E., Suite 2000, Atlanta, Georgia, 30361.

DEFINITIONS

The following definition applies to each paragraph of this Request for Production of Documents and is deemed to be incorporated therein:

1.

The word "document(s)" is intended to include the original and all non-identical copies of any record by which information has been recorded or from which information can be obtained, in the actual or constructive possession, custody, care or control of defendant, its agents, attorneys, or any other person affiliated with Plaintiff. The form of such documents includes, but is not limited to, letters, telegrams, pictures, books, papers, memoranda, reports, minutes, contracts, notes, studies, print-outs, calendars, diaries, work papers, checks, logs, ledgers, payrolls, licenses, tax records, purchase orders, invoices, receipts, microfilm, microfiche, punch cards, magnetic tapes, disks, press releases, news publications, video tapes, tape recordings, depositions, and answers to interrogatories.

REQUESTS FOR PRODUCTION

1.   Copies of any and all statements previously made by Plaintiff Vanessa Roumilhac concerning the subject matter of this lawsuit, including any written statement signed or

otherwise adopted or approved by Plaintiff and any stenographic, mechanical or other type of recording or transcription made of Plaintiff.

2. Any report or other documentation of any investigation made by an employee(s), agent, or contractor of the Freeman Defendants or any private organization relating to the occurrence in question.

3. Any documents, reports or other written records pertaining to any investigation of the incident that is the basis of this lawsuit.

4. All rules, regulations, standard operating procedures or policies governing the take down and transport of infrastructure and materials, including with the use of mechanical equipment, by employee(s), agents, or contractors of the Freeman Defendants.

5. All rules, regulations, standard operating procedures or policies governing any of the Freeman Defendants' reactions and/or responses to a hazardous condition or event.

6. Any and all contracts or agreements that were in place between the Freeman Defendants and any other party or parties relating in any way to the take down and transport of infrastructure and materials, including with the use of mechanical equipment, by employee(s), agents, or contractors of any of the Freeman Defendants at the 2019 American Association for Cancer Research Annual Meeting at the Georgia World Congress Center March 29-April 3, 2019;

7. Any accident or incident report filled out by employees, agents, representatives, or contractors of any of the Freeman Defendants or Plaintiff concerning the incident giving rise to the above-captioned lawsuit.

8. A copy of any insurance policies, including umbrella, that may afford coverage to the subject incident.

9.     A copy of any and all correspondence, whether inter-departmental or otherwise, between management, personnel, employees, agents, representatives, or contractors of the Freeman Defendants pertaining to the subject incident.

10.    A copy of any and all policies and procedures described in Defendant's response to Plaintiff's Interrogatories.

11.    A copy of any and all communications between management, personnel, employees, agents, representatives, or contractors of any of the Freeman Defendants and any other individual or party pertaining to the subject incident.

12.    A copy of any and all photos relating to the subject incident.

13.    A copy of any and all Expert reports and CVs.


This 2nd day of August, 2021.


                                          /s/ Lindsey S. Macon
                                          LINDSEY S. MACON
                                          Ga. Bar No. 811661
                                          KATHERINE L. MCARTHUR
                                          Ga. Bar No. 480730

MCARTHUR LAW FIRM
1201 Peachtree Street, N.E., Suite 2000
Atlanta, GA  30361

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

VANESSA ROUMILHAC,,

      Plaintiff,

      v.

CARIS SCIENCE, INC. d/b/a CARIS LIFE
SCIENCES, HAMILTON EXHIBITS, LLC,
SHO-LINK, INC., FREEMAN
EXPOSITIONS, LLC D/B/A FREEMAN
EXPOSITIONS, INC., FREEMAN
EXPOSITIONS, LTD., FREEMAN AUDIO
VISUAL, LLC D/B/A FREEMAN AUDIO
VISUAL, INC. AND FREEMAN AUDIO
VISUAL SOLUTIONS, INC., EXHIBIT
SURVEYS, LLC D/B/A EXHIBIT
SURVEYS, INC., DEFENDANT STAGE
RIGGING, INC., THE FREEMAN
COMPANY, LLC, FREEMAN
ELECTRICAL, LLC D/B/A FREEMAN
ELECTRICAL INC., FREEMAN DIGITAL
VENTURES, LLC D/B/A FREEMAN
DIGITAL VENTURES, INC., and JOHN
DOE,,

      Defendants.

CIVIL ACTION NO. 20EV005990

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION
## TO THE FREEMAN DEFENDANTS

      Pursuant to OCGA § 9-11-36, Plaintiff makes the following First Requests for Admission

("Requests") upon Defendants FREEMAN EXPOSITIONS, LLC d/b/a FREEMAN

EXPOSITIONS, INC., FREEMAN EXPOSITIONS, LTD., FREEMAN AUDIO VISUAL, LLC

d/b/a FREEMAN AUDIO VISUAL, INC. and FREEMAN AUDIO VISUAL SOLUTIONS,

INC., EXHIBIT SURVEYS, LLC d/b/a EXHIBIT SURVEYS, INC., DEFENDANT STAGE

RIGGING, INC., THE FREEMAN COMPANY, LLC, FREEMAN ELECTRICAL, LLC d/b/a

FREEMAN ELECTRICAL INC., FREEMAN DIGITAL VENTURES, LLC d/b/a FREEMAN

DIGITAL VENTURES, INC. (hereinafter the "Freeman Defendants"). Answers to each Request for Admission must be made separately and fully in writing by the Defendant, or a person authorized to make answers on behalf of the Defendant, and must be served on the undersigned counsel of record for the Plaintiff within 30 days of the service of these Requests. The effect of a failure to respond to these Requests for Admissions within 45 days of service is the admission of each matter for which an admission is requested.

Answers should specifically admit or deny the matter or set forth in detail the reasons why Defendant cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that Defendant qualify an answer or deny only a part of the matter of which an admission is requested, Defendant shall specify so much of it as is true and qualify or deny the remainder. Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless Defendant states that they have made reasonable inquiry and that the information known or readily obtainable is insufficient to enable the party to admit or deny.

Defendant is advised that if it fails to admit the truth of any matter as requested, and if Plaintiff thereafter prove the truth of the matter, Plaintiff will apply to the Court for an order requiring Defendant to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

Plaintiff incorporates into these requests the Definitions contained in Plaintiff First Interrogatories and Requests for Production of Documents.

## REQUESTS FOR ADMISSIONS

**1.**

You are the proper legal entity responsible for the collapse of infrastructure or materials associated with Caris Life Sciences' booth at the 2019 American Association for Cancer Research Annual Meeting at the Georgia World Congress Center on April 3, 2019.

**2.**

You were properly served with the subject Complaint.

**3.**

Employee(s), agents, or contractors of Defendant were responsible for operating mechanical equipment in the exhibit hall during the 2019 American Association for Cancer Research Annual Meeting at the Georgia World Congress Center on April 3, 2019.

**4.**

Employee(s), agents, or contractors of Defendant had the exclusive right to operate mechanical equipment in the exhibit hall during the 2019 American Association for Cancer Research Annual Meeting at the Georgia World Congress Center on April 3, 2019.

**5.**

Entities that were not affiliated with the Freeman Defendants were prohibited from using mechanical equipment in the exhibit hall during the 2019 American Association for Cancer Research Annual Meeting at the Georgia World Congress Center on April 3, 2019.

**6.**

Entities that were not affiliated with the Freeman Defendants were prohibited by one or more of the Freeman Defendants from using mechanical equipment in the exhibit hall during the

2019 American Association for Cancer Research Annual Meeting at the Georgia World Congress Center on April 3, 2019.

7.

Defendant completed an investigation into and/or report associated with the incident giving rise to this lawsuit.

8.

An employee, agent, and/or contractor of Defendant was responsible for starting the chain of events which led to the collapse of a metal object that was a part of the booth for Caris Life Sciences.

9.

An employee, agent, or contractor of Defendant caused the collapse of a metal object that was a part of the booth for Caris Life Sciences.

10.

Defendant is responsible for the injuries and damages to Plaintiff.


This 2nd day of August, 2021.


Lindsey S. Macon
LINDSEY S. MACON
Ga. Bar No. 811661
KATHERINE L. MCARTHUR
Ga.Bar No. 480730


MCARTHUR LAW FIRM
1201 Peachtree Street, N.E., Suite 2000
Atlanta, GA  30361