IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| VANESSA ROUMILHAC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:21-CV-03684-ELR |
| | * | |
| CARIS SCIENCE, INC., *doing business as Caris Life Sciences*, et al., | * | |
| | * | |
| | * | |
| Defendants. | * | |
| | * | |

_____

**O R D E R**

_____

Presently before the Court is Plaintiff's "Motion to Dismiss Fewer Than All Parties." [Doc. 24]. By her motion, Plaintiff requests an order pursuant to Federal Rule of Civil Procedure 41(a)(2) dismissing without prejudice eight (8) of the twelve (12) Defendants currently named in this action. No Defendant has filed a response to Plaintiff's motion, and the time for doing so has expired. See LR 7.1(B), NDGa. Therefore, Plaintiff's motion stands unopposed. See id.

District courts "enjoy[ b]road discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." Goodwin v. Reynolds, 757 F.3d 1216, 1219 (11th Cir. 2014) (quoting Pontenberg v. Bos. Sci. Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (per curiam)). In considering a motion pursuant to Rule 41(a)(2), a

district "court's task is to 'weigh the relevant equities and do justice between the parties.'" Id. (quoting McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986)). "[I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." Id. (quoting McCants, 781 F.2d at 856–57). Thus, dismissal pursuant to Rule 41(a)(2) is generally only inappropriate where (1) "it would cause [a] . . . defendant to lose a 'substantial right'" or (2) "the plaintiff's counsel has acted in bad faith." Id.

Here, the Court finds that the dismissals Plaintiff seeks will "do justice between the [P]arties." See id. The dismissals will not cause any Defendant to suffer "clear legal prejudice" because no Defendant will lose a substantial right and Plaintiff's counsel does not appear to be seeking them in bad faith. See id.

Accordingly, the Court **GRANTS** Plaintiff's "Motion to Dismiss Fewer Than All Parties." [Doc. 24]. The Court **DISMISSESS WITHOUT PREJUDICE** Plaintiff's claims against the following Defendants:

- Caris Science, Inc., doing business as Caris Life Sciences;
- Freeman Expositions, Ltd.;
- Freeman Audio Visual, LLC d/b/a Freeman Audio Visual, Inc. and Freeman Audio Visual Solutions, Inc.;
- Exhibit Surveys, LLC d/b/a Exhibit Surveys, Inc.;

- Stage Rigging, Inc.;

- The Freeman Company, LLC;

- Freeman Electrical, LLC, doing business as Freeman Electrical, Inc.; and

- Freeman Digital Ventures, LLC d/b/a Freeman Digital Ventures, Inc.

The Court **DIRECTS** the Clerk to terminate the above-listed Defendants as Party Defendants to this case.

**SO ORDERED**, this 8th day of June, 2022.

_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia